UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERNEY FLOWERS,

    Petitioner,

vs.

                                                                         Case No. 94-90003

UNITED STATES OF AMERICA,

                                                                         HON. AVERN COHN

    Respondent.
_____/

## ORDER DENYING MOTION UNDER FED. R. CIV. P. 60(b)

I.

This is a criminal case. Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b) on the grounds that his guidelines were improperly scored because he was not given a three level reduction for acceptance of responsibility and his trial counsel failed to object to the failure. For the reasons that follow, the motion is DENIED.

II.

This case has a long procedural history complicated by Petitioner's numerous filings. In 1994, Petitioner was charged in an indictment with conspiracy to distribute and to distribute more than 5 kilograms of cocaine, possession with the intent to distribute cocaine and aiding and abetting in the same violation, and using or carrying a firearm in relation to a drug offense. On August 10, 1994, after a jury was impaneled and before opening statements, Petitioner decided to plead guilty and plead guilty at that time. Petitioner, who was free on bond pending trial, was allowed to stay free on a

1

tether for 21 days.  Petitioner failed to surrender and became a fugitive.  On October 27, 1994, Petitioner was arrested.  On April 10, 1995, Petitioner was sentenced to 151 months, the bottom of the guidelines range.

Petitioner filed a direct appeal, raising the following issues: (1) ineffective assistance of counsel at the time of the plea and the plea was involuntary, (2) search warrants lacked probable cause, (3) the firearm enhancement was improper because there was no finding as to aberrant behavior.  The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction.  United States v. Flowers, 85 F.3d 629 (6th Cir. Apr. 20, 1995) (unpublished).

On May 14, 1997, Petitioner filed a motion under 28 U.S.C. § 2255, raising various claims.  The Court denied the motion on March 25, 1998 after a hearing.  The Sixth Circuit granted a certificate of appealability on the Ovalle[1] issue relating to the composition of the grand jury pool.  The Court of Appeals affirmed the denial of his motion on April 27, 2000.

On June 27, 2001, Petitioner attempted to file a second § 2255 motion in the Court of Appeals.  On November 13, 2001, the Court of Appeals denied Petitioner's request to file a second § 2255 motion.

On October 16, 2003, Petitioner filed an application for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of Colorado, where he was incarcerated.  Petitioner raised the same claim raised in the instant motion -- that he was entitled to a three level reduction for acceptance of responsibility.

On February 6, 2004, the district court dismissed the motion, holding that the proper venue to present the claim was a § 2255 motion filed in this district.

On February 22, 2005, Petitioner filed the instant motion under Rule 60(b).

---

[1]United States v. Ovalle, 136 F.3d 1092 (6th Cir. 1998).

2

III.

Fed. R. Civ. P. 60(b) provides for relief from civil judgments in various circumstances. As the government points out, Petitioner only references the *criminal judgment* entered in 1994. There is no authority which would allow a rule of civil procedure to be used to reopen a final criminal judgment. Although Petitioner cites In re Abdur'Rahmen, 392 F.3d 174 (6th Cir. 2004) in support of his motion, that case does not apply. First, Abdur'Rahmen involved a Rule 60(b) motion for relief from judgment in a *civil habeas case*. Here, Petitioner is not using Rule 60(b) to challenge a previous judgment entered in a § 2255 case; rather, he is challenging his criminal judgment and seeks to raise an issue not raised on direct review or in his prior § 2255 motions. Second, it is noted that the opinion has been vacated by the Supreme Court for reconsideration in light of Gonzales v. Crosby, 125 S.Ct. 2641 (2005). See Bell v. Abu Abdur'Rahman, 125 S. Ct. 2991 (2005).

It appears that Petitioner is moving for relief under Rule 60(b) in order to circumvent the requirements for filing a successive motion under § 2255. As the district court in Colorado noted, Petitioner's claim is appropriately addressed in a motion under § 2255. Because Petitioner has filed two prior motions under § 2255, he must seek permission to file a successive motion in the Court of Appeals. See 28 U.S.C. § 2244(b)(3). This court simply is not the proper forum, nor is Rule 60(b) the proper vehicle, to present Petitioner's claim.

SO ORDERED.


Dated: September 1, 2005
         s/Avern Cohn
         AVERN COHN
UNITED STATES DISTRICT JUDGE